**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRADLEY NEAL GOODSON,

     Petitioner - Appellant,

v.

JANET DOWLING,

     Respondent - Appellee.

No. 17-6039
(D.C. No. 5:15-CV-00986-M)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

Petitioner-Appellant Bradley Goodson, a state prisoner appearing pro se, seeks a certificate of appealability ("COA") to appeal from the district court's denial of his 28 U.S.C. § 2254 habeas petition. Goodson v. Dowling, No. CIV-15-986-M, 2017 WL 354213 (W.D. Okla. Jan. 24, 2017). To obtain a COA, Mr. Goodson must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). Because Mr. Goodson has not made such a showing, we deny a COA, deny leave to proceed in forma pauperis ("IFP"), and dismiss the appeal.

## Background

In 2012, Mr. Goodson entered a blind plea to violation of a child custody order and was sentenced to 35 years' imprisonment. Mr. Goodson moved to withdraw his plea, but the trial court denied his motion after an evidentiary hearing. The Oklahoma Court of Criminal Appeals ("OCCA") later denied his direct appeal. 1 R. 329–32.

Mr. Goodson then sought post-conviction relief in state court. After the trial court denied such relief, the OCCA remanded based on a determination that the trial court had failed to address Mr. Goodson's ineffective assistance of counsel claim. On March 26, 2015, the trial court subsequently issued a second order denying post-conviction relief. However, the court failed to certify the order and, consequently, the OCCA dismissed Mr. Goodson's second attempted post-conviction appeal. The trial court certified its second order denying relief on July 31, 2015, and Mr. Goodson appealed. The OCCA dismissed that appeal for failing to file it within 30 days of March 26, 2015, notwithstanding the fact that Mr. Goodson had filed a timely appeal that was rejected due to the trial court's initial failure to certify its order.

On September 10, 2015, Mr. Goodson filed a § 2254 petition in federal court. The magistrate judge issued a report and recommendation ("R&R") recommending that the district court dismiss Mr. Goodson's petition due to untimeliness or failure to comply with Rule 2(c) of the Rules Governing § 2254

Cases. After Mr. Goodson objected, the district court concluded that Mr. Goodson was entitled to statutory and equitable tolling, declined to adopt the R&R, and recommitted the matter to the magistrate judge for further proceedings. 1 R. 122–23.

On October 26, 2015, Mr. Goodson filed an amended § 2254 petition claiming that: (1) his plea was not knowing, intelligent, and voluntary; (2) his trial counsel was ineffective; (3) the trial court refused to allow self-representation; (4) the trial court refused to change venue; (5) the trial judge refused to recuse; (6) the trial court refused to hold an evidentiary hearing to allow Mr. Goodson to present evidence that his daughter was in danger, which would support an affirmative defense; (7) his appellate counsel was ineffective; (8) cumulative error; and (9) his sentence was excessive. Id. at 58–70. These are essentially the same grounds for which Mr. Goodson seeks a COA on appeal.

The district court adopted the magistrate judge's second R&R, which recommended denying Mr. Goodson's amended petition because (1) the OCCA reasonably concluded that Mr. Goodson's guilty plea was knowing and voluntary; (2) the OCCA reasonably applied federal law when it rejected Mr. Goodson's ineffective assistance of trial counsel claims on the merits; (3) Mr. Goodson never clearly and unequivocally asserted his intention to represent himself; (4) Mr. Goodson could not establish a due process violation based upon the state district court's failure to transfer the case or to recuse for bias; (5) Mr. Goodson's claim

- 3 -

that the trial court erred in failing to grant him an evidentiary claim had no merit because Mr. Goodson waived affirmative defenses with his guilty plea; (6) his appellate counsel was not ineffective because the issues Mr. Goodson contends should have been raised have no merit; (7) the cumulative error doctrine did not apply because there are no federal constitutional errors to accumulate; and (8) his sentence was within the statutory maximum and authorized by law, so the OCCA's rejection of his excessive-sentence claim was not an unreasonable application. Goodson, 2017 WL 354213, at *1; Goodson v. Dowling, No. CIV-15-986-M, 2016 WL 7974155, *4–10 (W.D. Okla. Nov. 30, 2016).

Discussion

For this court to grant a COA, Mr. Goodson must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (citation and internal quotation marks omitted).

For issues the state courts decided on the merits, Mr. Goodson must show that the state courts' resolution either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28

- 4 -

U.S.C. § 2254(d)(1)–(2). Under the "contrary to" clause, a federal court may grant the writ "if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412–13 (2000). Under the "unreasonable application" clause, a federal court may grant the writ only if "the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. The inquiry is further limited "to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). The state court's factual findings are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

For those federal claims not otherwise barred or decided on the merits in state-court proceedings, our review is de novo. See Littlejohn v. Trammell, 704 F.3d 817, 825 (10th Cir. 2013). To obtain a COA for these claims, a petitioner must demonstrate a constitutional violation by a preponderance of the evidence. See Miles v. Dorsey, 61 F.3d 1459, 1472 (10th Cir. 1995). A district court's factual determinations are reviewed for clear error, while any finding of fact by the district court that bears upon the claim is presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Littlejohn, 704 F.3d at 825.

Claims 1, 2, 5, and 9 (listed above) were denied by the OCCA on the

merits, while claims 3, 4, 6, and 7 were not.[1]  Applying the requisite standard of

deference and for reasons stated in the magistrate judge's report and

recommendation, we find that the district court's conclusion that Mr. Goodson is

not entitled to relief on each of these grounds is not reasonably debatable.

Thus, we DENY Mr. Goodson's request for a COA, DENY his request to

proceed IFP, and DISMISS his appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1]  We assume, without deciding, that the district court correctly adopted the magistrate court's conclusion that the court should ignore the exhaustion requirement on these claims because it would be futile for Mr. Goodson to return to state court.